## Case No. 12,351.

### The SARAH M. NEWHALL.

[Blatchf. Pr. Cas. 629.] [1]

District Court, S. D. New York, July 24, 1865.

PRIZE—VIOLATION OF BLOCKADE—RELEASE.

Vessel and cargo released and restored to the claimants.

In admiralty.

─────────────────

[1] [Reported by Samuel Blatchford, Esq.]

BETTS, District Judge. The above vessel and cargo were libeled in this court June 5, 1865. The claimants on the record filed separate answers to the libel by different proctors, June 13th thereafter. The libel does not specify any belligerent acts committed by the vessel. The only averment is that "the goods, wares, and merchandise laden in the vessel were captured, as lawful prize, on or about the 23d day of May, 1865, in Tybee Sound, Georgia, at the entrance of the Savannah river, Georgia, by the United States steamer Azalea." The vessel and cargo seem to be owned in Nova Scotia. The cargo was shipped from various islands in the West Indies, and the consignment appears to have been generally through the port of New York to its general destination in Nova Scotia. It is alleged, in the test oaths to the answers, and in replies to interrogatories in preparatories, that the vessel turned from her course on the passage to New York, into the port of Savannah to obtain fresh water, the vessel being in distress for want of it. Savannah had then come into the military possession of the United States, and it is not made to appear that the original blockade of the port of Savannah was continued after its capture and occupation by the United States. The vessel and cargo, having been sent into this port, after capture, for adjudication, and the issue being perfected upon pleadings, the counsel for the claimants heretofore called upon the libelants to proceed to the hearing of the cause. But the United States attorney having, up to this term, delayed and declined to put the cause on trial in court according to the usual course of procedure in prize causes, and the proctors for the claimants now, at this term, in open court, praying that judgment be rendered in favor of the defense, pronouncing the prize action to be virtually abandoned by the libelants in neglecting to seek a final decree in the case, or to voluntarily withdraw it from the court, and surrender the prize property held in arrest under the process of the court, it is considered by the court that, as the libelants forbear to act, and thus tacitly decline to say anything in support of the action brought and yet formally pending in court, and thus intimate that they stand apprised of no legal cause upon which to ask the condemnation of the captured property, and as they ask no further action in court upon the cause, this suit no longer remains actively subsisting in court upon its minutes, and within the power of its processes, and that an appropriate decree be entered therein, directing the marshal to deliver up and restore to the claimants, or their proctors, the aforesaid brig Sarah M. Newhall, and her cargo, arrested and held in custody for proceedings in this prize suit.